IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK LEE HIGLEY,<br><br>                           Plaintiff,<br><br>v.<br><br>STATE OF UTAH, *et al.*,<br><br>                           Defendants. | **REPORT AND RECOMMENDATION**<br><br><br>Case No.  2:14-cv-506-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

On July 9, 2014, *pro se* Plaintiff Mark Lee Higley filed a Complaint against multiple

Defendants, including Governor Gary Herbert, the State of Utah ("Utah"), and the Utah Code,

for violations of 42 U.S.C. §§ 1983 and 1985.  (Compl., ECF No. 1.)  Mr. Higley amended the

Complaint on January 28, 2015 to add several new Defendants prior to serving any Defendants.

(Am. Compl., ECF No. 4.)  On February 2, 2015, Mr. Higley personally served the original

Complaint and Summons to the Utah Attorney General's Office as representative of Utah and the

Utah Code.  (ECF No. 6.)  Mr. Higley also personally served the original Complaint and

Summons to Governor Herbert's office on the same day.  (ECF No. 6.)  Mr. Higley did not serve

the Amended Complaint with the summons on either Utah or Governor Herbert.  (*See* Mot &

Mem. in Supp. of Mot. to Dismiss State of Utah & Gov. Gary Herbert (Mot. *iii, 6,* ECF No. 13;

*see accord,* Obj./Rebuttal to Mot. to Dismiss (Opp'n) (demanding court make all files available

electronically to eliminate "excuses of notification"), ECF No. 14; *see generally* Docket

(showing no returned summonses for the Amended Complaint to Utah or Gov. Herbert).)  On

March 9, 2015, Utah and Governor Herbert moved the Court to dismiss Mr. Higley's claims

against them under Federal Rules of Civil Procedure 12(b)(1), 12(b)(4), 12(b)(5), 12(b)(6), and

DUCivR 7-1.  (Mot. ii, ECF No. 13.)  Mr. Higley responded on March 25, 2015.  (Opp'n, ECF No. 14.)  Utah and Governor Herbert filed their Reply on April 8, 2015.  (The State Defs.' Reply to Pl.'s Opp'n (Reply), ECF No. 16.)

Three months later, Mr. Higley filed a second Amended Complaint on June 10, 2015, adding seven individual Defendants.  (2d. Am. Compl., ECF No. 29.)  Mr. Higley filed the second Amended Complaint without the consent of the opposing parties and without the Court's leave.  On June 30, 2015, Utah, Governor Herbert, and Chad Sheppick moved to strike Mr. Higley's second Amended Complaint.  (Mot to Strike Pl.'s 2d Am. Compl. (Mot. Strike), ECF No. 33.)  On July 7, 2015, Mr. Higley opposed the Motion to Strike.  (Response-Reassertion/Rebuttal (Opp'n Strike), ECF No. 36.)

Based on the Complaint, Governor Herbert's and Utah's Motion to Dismiss, and the related filings, the undersigned[1] RECOMMENDS the Court dismiss Mr. Higley's claims against Utah without prejudice because Mr. Higley fails to allege facts to overcome Utah's Eleventh Amendment immunity.  The undersigned also RECOMMENDS the Court dismiss Mr. Higley's claim against Governor Herbert without prejudice because Mr. Higley fails to state a claim upon which it can grant relief at this time.  Additionally, Mr. Higley failed to serve Utah and Governor Herbert properly in accordance with Federal Rule of Civil Procedure 4(m).[2]  Lastly, based on the second Amended Complaint, the Motion to Strike that Complaint, and the related filings, the undersigned RECOMMENDS the Court grant the Motion to Strike the second Amended

---

[1] On January 29, 2015, District Judge Clark Waddoups referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 5.)
[2] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the undersigned finds oral argument unnecessary and will make its recommendation on the basis of the Complaint and written memoranda.

Complaint because Mr. Higley failed to seek leave to amend his Complaint in accordance with Federal Rule of Civil Procedure 15(a).

## STANDARD OF REVIEW

A court must construe a *pro se* plaintiff's filings liberally, *e.g., Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted), but the court cannot act as the litigant's advocate and make legally cognizable arguments for him, *see*, *e.g., Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." (citation omitted)).  Although a court holds *pro se* pleadings "to a less stringent standard than formal pleadings drafted by lawyers," a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants."  *Garrett*, 425 F.3d at 840 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) & *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## DISCUSSION

### I.        Eleventh Amendment Immunity

Utah and Governor Herbert move this Court to dismiss Mr. Higley's claims against them with prejudice because they have immunity from suit under the Eleventh Amendment.  (Mot. iv-2, ECF No. 13.)  "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state."  *Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009) (citing *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007)).  "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money

damages." *Steadfast*, 507 F.3d at 1252 (citation omitted).  Thus, Utah has immunity under the Eleventh Amendment.

## A.  Failure to Overcome Utah's Immunity

Mr. Higley cannot sue Utah unless Utah voluntarily waives its sovereign immunity or the United States Congress validly abrogates its immunity through legislation.  *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) (noting a state or U.S. Congress can waive or abrogate immunity in certain circumstances).  §§ 1983 and 1985 do not abrogate Utah's Eleventh Amendment immunity, *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1999), nor has Utah waived its immunity, Utah Code Ann. § 63G-7-201(4)(b).

Mr. Higley incorrectly argues the Eleventh Amendment does not apply to suits against a state by its own citizens.  (Opp'n 2, ECF No. 14.)  "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme] Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state."  *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) (string cite omitted).  Therefore, without either § 1983 or § 1985 abrogating Utah's immunity or the State consenting to the suit, Mr. Higley cannot sue Utah.  However, because Eleventh Amendment immunity has a jurisdictional nature, dismissal of the claims without prejudice provides the only available remedy.  *Shue v. Lampert*, 580 Fed. App'x 642, 644 (10th Cir. 2014).

For this reason, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Utah without prejudice.

### B.  Governor Herbert's Eleventh Amendment Immunity

In *Kentucky v. Graham*, the Supreme Court distinguished between the two types of suits against governmental employees in the context of damages actions—those against governmental employees in their official capacities and those against governmental employees in their personal capacities.  473 U.S. 159, 165–66 (1985) (explaining that official capacity suits are "to be treated as a suit against the entity" while "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law").  Mr. Higley does not specify whether he sues Governor Herbert in his official capacity or in his personal capacity.

Concerns about infringing on states' sovereign immunity bar Mr. Higley from seeking monetary damages against Governor Herbert in his official capacity.  *See Kentucky*, 473 U.S. at 169.  However, the Eleventh Amendment does not bar suits for prospective injunctive or equitable relief against individuals in their official capacities, because of the need "to prevent a continuing violation of federal law."  *Green v. Mansour*, 474 U.S. 64, 68 (1985).  Mr. Higley brings this lawsuit under §§ 1983 and 1985, seeking prospective relief, in addition to other relief, for constitutional violations.  (Compl. 6, ECF No. 1.)  Therefore, Governor Herbert does not have immunity in his official capacity from Mr. Higley's §§ 1983 and 1985 claims seeking prospective relief.

To bring a personal capacity suit, the plaintiff must allege "that the official, acting under color of state law, caused the deprivation of a federal right."  *Kentucky*, 473 U.S. at 166.  Defendants in personal capacity suits can assert "personal immunity defenses," such as absolute prosecutorial immunity, absolute legislative immunity, or qualified immunity.  *Id.* at 166–67.  Governor Herbert does not raise any prosecutorial, legislative, or qualified immunity defenses.  (*See generally* ECF No. 13.)  Therefore, for purposes of this Motion, the Court will assume Mr.

Higley asserts his claims against Governor Herbert in his personal capacity and that the Governor does not have immunity from Mr. Higley's §§ 1983 and 1985 claims seeking monetary damages or prospective relief in this regard.

For these reasons, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claim for monetary damages against Governor Herbert in his official capacity because the Eleventh Amendment bars such claims.

## II.     Failure to State a Claim Against Governor Herbert

Governor Herbert also moves to dismiss the Complaint against him for failure to state a claim.  (Mot. 4-5, ECF No. 13.)  "[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Neither "labels and conclusions" nor "unadorned, the-defendant-unlawfully-harmed me accusation[s]" will do.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and citing *Twombly*, 550 U.S. at 555).  "[A] plaintiff must offer specific factual allegations to support each claim."  *Kan. Penn Gaming*, 656 F.3d at 1214 (citation omitted).  The allegations must suffice "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A complaint meets this standard when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).  The requirement of plausibility

constitutes the plaintiff's burden in stating his case.  *See Twombly*, 550 U.S. at 555 (noting that

when attacked by a Rule 12(b)(6) motion, a plaintiff's obligation consists of "provid[ing] the

'grounds' of his 'entitlement to relief'").

The undersigned construes Mr. Higley's Complaint to consist of his original Complaint

filed on July 9, 2014, (ECF No. 1), and his Amended Complaint filed on January 28, 2015, (ECF

No. 4).  Mr. Higley makes very few references to Governor Herbert in these documents.  In the

July 9, 2014 Complaint, Mr. Higley states: "as of today the Plaintif [sic] has recieved [sic] no

Response for Numerous Patations [sic] for Redress of Grievances.  Gov. knew or should have

known of Law of Land (Numerous) violations (Partisipated [sic]) conspiracy – violation of

Oath[.]"  (Compl. 2, ECF No. 1.)  Mr. Higley only refers to Governor Herbert in the Amended

Complaint's caption.  (Am. Comp. 1, ECF No. 4.)

Mr. Higley's statement does not make out a plausible cause of action under either § 1983

or § 1985, even with a liberal construction.  To state a claim under § 1983, a plaintiff must allege

that a person acting under color of state of law caused a violation of the plaintiff's constitutional

or federal statutory rights.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  For a § 1985 claim, a plaintiff

must allege a conspiracy aimed at either preventing an officer from performing his duties;

intimidating a party, witness, or juror involved in a case; obstructing justice to deny a person

equal protection of the laws; or depriving a person of his rights and privileges to deny him equal

protection of the laws.  42 U.S.C. § 1985.  Additionally, for the last two categories, a plaintiff

must allege a "racial, or perhaps otherwise class-based, invidiously discriminatory animus

behind the conspirators' actions" to state a cause of action under § 1985.  *Griffin v.*

*Breckenridge*, 403 U.S. 88, 102 (1971) (relating to § 1985(3)); *Smith v. Yellow Freight System,*

*Inc.*, 536 F.2d 1320, 1323 (10th Cir. 1976) (relating to § 1985(2)).  Class-based discrimination is

"limited to classifications on . . . race, sex, religion or national origin." *Brown v. Reardon*, 770 F.2d 896, 905-06 (10th Cir. 1985).

Mr. Higley neither explains which of his rights Governor Herbert violates/deprives him of nor how Governor Herbert caused those violations/deprivations. Mr. Higley also fails to provide any factual details relating to the alleged conspiracy or to allege a "racial" or "class-based, invidiously discriminatory animus" behind Governor Herbert's actions. In response, Mr. Higley claims "Gov. Herbert at the very least acquiesced his actions indicate intent to continue to dictate, bully and take advantage of weak/poor with tickets. 'Rail Roading' [sic] people through the Government system, trampling on liberty." (Opp'n 2, ECF No. 14.) Mr. Higley also claims "that the state of Utah intends to, as represented by actions of Gov. Herbert and the legislature, to circumvent the constitution to try to get away with code until/unless successfully challenged in court (organized crime)." (*Id*.) Mr. Higley's response does not add any facts to explain what his claims against Governor Herbert are. At most, the undersigned understands Mr. Higley to mean that Governor Herbert has responsibility for unconstitutional laws as part of the Utah Code and that Governor Herbert has the intent to take advantage of the weak and poor with tickets. Although Mr. Higley alleges Governor Herbert intends to take advantage of the poor, Mr. Higley does not offer specific allegations to support a claim of discrimination based on race, sex, religion, or national origin. *See Brown*, 770 F.2d at 905. Additionally, Mr. Higley does not specify which rights or laws he claims violate which parts of the Constitution.

Furthermore, Mr. Higley has not provided enough factual allegations to show that Governor Herbert's actions relate to Mr. Higley's injuries in any way. Mr. Higley alleges the following injuries: wrongly receiving tickets for making an illegal U-turn and for failing to stop his non-commercial carrier truck at a port of entry; being wrongly denied a permit to finish his

basement apartment; having his private non-commercial carrier business wrongly interfered

with; and being mistreated during the judicial process.  (Compl. 4-5, 11-15, ECF No. 1.)  Mr.

Higley's only possible indication of Governor Herbert's involvement is that "THE GOV. IS THE

PROBLEM WITH OVER REGULATING DEMANDS, EXECESSIVE fines (nexus violation)

AND TAXING."  (Compl. 15, ECF No. 1.)  Mr. Higley may mean government not governor.

Even assuming Mr. Higley meant governor, that statement is too general to give adequate notice

to the Governor about why Mr. Higley has sued him.  Mr. Higley's allegations do not suffice to

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Iqbal*, 556 U.S. at 678.  Moreover, the Court cannot make legally cognizable

arguments on a plaintiff's behalf, even when the plaintiff proceeds pro se.  *Garrett,* 425 F.3d at

840.

　　　For these reasons, the undersigned RECOMMENDS the Court grant Governor Herbert's

Motion to Dismiss without prejudice.

### III.　　Failure to Serve Defendants Properly

　　　For Mr. Higley's benefit, the undersigned also recognizes the service errors and explains

them.  To serve a defendant properly, "[a]ny person who is at least 18 years old and not a party

may serve a summons and complaint" upon the defendant "within 120 days after the complaint is

filed."  Fed. R. Civ. P. 4(c)(2), (m).  Failure to do so could result in dismissal.  Fed. R. Civ. P.

4(m).  The plaintiff bears the burden of establishing proper service.  *See Fed. Deposit Ins. Corp*

*v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (stating plaintiff bears burden of

proof in establishing valid service of process); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d

736, 744 (N.D. Tex. 2013) (stating plaintiff bears burden of proof in establishing sufficient process).

Mr. Higley did not serve Utah or Governor Herbert until February 2, 2015, 208 days after he filed his original Complaint and 88 days after the deadline. (*See* ECF No. 6-3, 10-1.)  Mr. Higley did not ask for a timely extension to serve either Defendant.  Although Mr. Higley titled his March 3, 2015 document as an "Extention [sic] of Time," it responds to the Legislature's Motion to Dismiss.  (*See* ECF No. 11.)  Additionally, Mr. Higley's only argument within the document requesting a timely extension states:  "There is no reason the time limit couldn't be extended."  (ECF No. 11 at 3.)  Even if Mr. Higley did ask for an extension of time in that document, his request was not timely, thus he would have needed to show excusable neglect to get the extension.  Fed. R. Civ. P. 6(b).  Furthermore, because he personally served the Defendants, Mr. Higley violated Rule 4(c), which requires a "person who is at least 18 years old and *not a party*" to serve the summons and complaint.  Fed. R. Civ. P. 4(c) (emphasis added).  Finally, Mr. Higley did not serve a copy of the Amended Complaint with an accompanying summons on Utah or Governor Herbert.  (*See* Mot. 7, ECF No. 13.)  Mr. Higley thus failed to serve the Amended Complaint on Utah and Governor Herbert as required by Rule 4(c).  Fed. R. Civ. P. 4(c).  Thus, Mr. Higley has yet to serve Utah and Governor Herbert with any complaint correctly.

## IV.    Failure to Comply with Rule 15(a)

Utah and Governor Herbert, along with Chad Sheppick, have also moved to strike the second Amended Complaint that Mr. Higley filed on June 10, 2015. (Mot. Strike, ECF No. 33.)  "A party may amend its pleading once as a matter of course within:  (A) 21 days after serving it, or

(B) if the pleading is one to which the responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party must obtain "the opposing party's written consent or the court's leave" to amend its pleading. Fed. R. Civ. P. 15(a)(2). Although Federal Rule of Civil Procedure 15(a) provides that courts freely grant leave to amend, "[t]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Bradley v. Val-Mejias*, 379 F.3d 892, 900 (10th Cir. 2004). "[A] district court may deny a motion to amend because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *U.S. v. Burbage*, 280 Fed. App'x 777, 782 (10th Cir. 2008) (quoting *Stafford v. Saffle,* 34 F.3d 1557, 1560 (10th Cir. 1994)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley*, 379 F.3d at 901.

Mr. Higley amended his Complaint as a matter of course on January 28, 2015. (Am. Compl., ECF No. 4.) He attempted to amend his Complaint again on June 10, 2015, adding seven defendants for §§ 1983 and 1985 claims. (2d Am. Compl., ECF No. 29.) Mr. Higley failed to obtain consent from the opposing parties, or leave from the Court, to amend his Complaint as required by Federal Rule of Civil Procedure 15(a)(2). Mr. Higley claims that the additional Defendants in the second Amended Complaint are "previously unnamed defendants who are all part of the chain of abuse to [sic] Numerous to Name all in the original complaint." (2d Am. Compl. 1, ECF No. 29.)

Mr. Higley has not provided any facts or reasons to persuade the Court to allow leave to amend his Complaint. The proposed second Amended Complaint does not add any factual

allegations to support Mr. Higley's claims but merely alleges that each Defendant "participated in the Utah Code Conspiracy."  (2d Am. Compl. 2, ECF No. 29.)  Because Mr. Higley simply intends to add more Defendants to the original Complaint, the proposed amendment is futile. Given the undersigned recommends dismissal of the original Complaint, if Mr. Higley does not add any additional facts to "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged," the undersigned would recommend dismissal of the proposed amendment again.  *Iqbal*, 556 U.S. at 678 (citation omitted).  For that reason and because Mr. Higley has not sought leave to amend his Complaint, the undersigned RECOMMENDS the Court strike Mr. Higley's second Amended Complaint.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Utah without prejudice because Mr. Higley fails to allege any facts to overcome Utah's Eleventh Amendment immunity.  Additionally, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Governor Herbert without prejudice because Mr. Higley's minimal statements about Governor Herbert's actions fail to state a claim under §§ 1983 and 1985.  Lastly, the undersigned RECOMMENDS the Court strike Mr. Higley's attempted second Amended Complaint as improperly filed.  Further, Mr. Higley's proposed second Amended Complaint is futile because it would be subject to dismissal for failure to state a claim upon which this Court could grant relief.

This Court will send copies of this Report and Recommendation to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objection to this Report and Recommendation with the clerk of the district court,

pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 9th day of December, 2015.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge