IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK LEE HIGLEY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UTAH STATE LEGISLATURE, et al.,<br><br>　　　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:14-cv-00506-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

    This case arises out of Mark Lee Higley's pro se complaints[1] against various defendants, including the State of Utah and Governor Gary Herbert, for alleged violations of Mr. Higley's civil rights. (*See* Dkt. Nos. 1, 4, 26, 29). The case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 5). The State of Utah and Governor Herbert filed a motion to dismiss the complaint (Dkt. No. 13). After briefing from the parties, Judge Furse issued a Report and Recommendation recommending that the court grant the motion to dismiss without prejudice because 1) the State of Utah enjoys Eleventh Amendment immunity from suit, and 2) Mr. Higley failed to state a claim upon which relief could be granted against Governor Herbert. (Dkt. No. 47). Judge Furse also recommended that the court strike Mr. Higley's Second Amended Complaint (Dkt. No. 33), reasoning that Mr. Higley had failed to provide sufficient factual detail to support

---

[1] As did Judge Furse, the court liberally construes Mr. Higley's filings because he is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). This is a rule of construction that favors pro se litigants, like Mr. Higley.

adding additional defendants. *Id.* Mr. Higley objected to the Report and Recommendation (Dkt. No. 49).

The court has reviewed the Report and Recommendation de novo [2] and has carefully considered Mr. Higley's original Complaint, the Amended Complaint, and Second Amended Complaint. After doing so, the court agrees with Judge Furse's careful analysis with respect to each issue. Accordingly, the court APPROVES and ADOPTS the Report and Recommendation (Dkt. No. 47) and dismisses Mr. Higley's claims against the State of Utah and Governor Herbert without prejudice.[3] In addition, the court grants the motion to strike Mr. Higley's Second Amended Complaint.

SO ORDERED this 11th day of January, 2016.

BY THE COURT:

Clark Waddoups
United States District Court Judge

---

[2] The court notes that Mr. Higley did not file his objection until January 4, 2016, twenty-five days after the Report and Recommendation was docketed. *Cf.* Fed. R. Civ. P. 72(b) (providing that objections must be filed within fourteen days after service of the Report and Recommendation). In the absence of a timely objection, the court has the discretion to review the Report and Recommendation under a less-demanding standard. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The court declines to do so in this case, and reviews the complaint de novo—the standard of review most generous to Mr. Higley.

[3] Although Judge Furse did not recommend dismissal on the grounds that Mr. Higley failed to properly serve these defendants under Federal Rule of Civil Procedure 4, she did explain to him the ways in which his service was deficient. She also explained that insufficient service of process can result in dismissal. (Dkt. No. 47, pp. 9–10). Although Mr. Higley's objection takes issue with Judge Furse's explanation on this point, the court notes that this information may prove to be useful to him should he choose to refile his complaint against these defendants.