IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK LEE HIGLEY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF UTAH, *et al.*,<br><br>　　　　　　Defendants. | **REPORT AND RECOMMENDATION TO DISMISS THE GRANTSVILLE DEFENDANTS (ECF NO. 15)**<br><br>Case No.  2:14-cv-506-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

　　　　Defendants Grantsville City (the "City"), Merle Cole, Brent Marshall, and Darold Butcher (collectively, the "Grantsville Defendants") move the Court to dismiss Plaintiff Mark Lee Higley's ("Mr. Higley") Complaint and first Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which this Court can grant relief.  (Mot. to Dismiss, or in the Alternative, Mot. for Summ. J. ("Mot.") 1, ECF No. 15.)  In the alternative, the Grantsville City Defendants move the Court for summary judgment pursuant to Rule 56.  (Mot. 2, ECF No. 15.)  Having considered the parties' briefing and case record, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against the Grantsville Defendants without prejudice because absolute immunity shields Darold Butcher from suit; qualified immunity shields Mr. Cole and Mr. Marshall from suit; and Mr. Higley fails to allege a municipal custom or policy behind the City's alleged actions.

**FACTUAL AND PROCEDURAL HISTORY**

　　　　Mr. Higley filed a Complaint on July 9, 2014, against multiple defendants, including the City and Merle Cole, former mayor of the City, alleging violations of 42 U.S.C. §§ 1983 and

1

1985.  (Compl. 1-3, ECF No. 1.)  Mr. Higley subsequently filed the first Amended Complaint on January 28, 2015, adding additional defendants, including Brent Marshall, current mayor of the City, and Darold Butcher, a former Grantsville City Justice Court Judge.  (Am. Compl. 2, 4, ECF No. 4.)  On April 3, 2015, the Grantsville Defendants moved the Court to dismiss Mr. Higley's claims against them.  (Mot. 1, ECF No. 15.)  Mr. Higley filed an Opposition on April 20, 2015, and the Grantsville Defendants filed their Reply on April 23, 2015.  (Answer & Demands ("Opp'n"), ECF No. 23; Reply Mem. Supp. Grantsville City Defs.' Mot. to Dismiss & Alt. Mot. for Summ. J. ("Reply"), ECF No. 24.)

Mr. Higley alleges three main injuries that give rise to his § 1983 and §1985 claims against the Grantsville Defendants:  (1) the City's denial of his basement building permit on October 4, 1999; (2) the City's seizure and selling of his pickup truck for no good reason; and (3) his "unfair" conviction for a U-turn that he did not commit.  (Compl. 4, ECF No. 1; Am. Compl. 2, 4, ECF No. 4.)  Mr. Higley had previously brought a § 1983 and § 1985 action against Merle Cole and the City in 2001 based on the City's denial of his basement permit.  (Compl., *Higley v. Elton*, No. 2:01-cv-00493-DAK (D. Utah filed July 3, 2001), ECF No. 3.)  The Court dismissed Mr. Higley's 2001 action for lack of ripeness.  (Order Granting Mot. to Dismiss 5, *Higley v. Elton*, ECF No. 38.)  In their motion, the Grantsville Defendants argue that absolute immunity protects Judge Butcher, that qualified immunity protects Merle Cole and Brent Marshall, that Mr. Higley fails to allege an unconstitutional municipal custom or policy implemented by the City, that Mr. Higley fails to plead a civil conspiracy claim against any of the Grantsville Defendants, and that Utah's four-year statute of limitations bars Mr. Higley's claim regarding the building permit against Merle Cole and the City.  (Mot. 7-15, ECF No. 15.)

**STANDARD OF REVIEW**

A court must construe a *pro se* plaintiff's filings liberally, *e.g., Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010), but the court cannot act as the litigant's advocate and make legally cognizable arguments for him, *see, e.g., Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Although a court holds *pro se* pleadings "to a less stringent standard than formal pleadings drafted by lawyers," a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) & *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

**DISCUSSION**

I.  **Absolute Judicial Immunity Protects Judge Darold Butcher From Mr. Higley's Lawsuit.**

Judicial immunity shields judges from civil liability in actions brought pursuant to 42 U.S.C. §§ 1983 and 1985. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1434-35 (10th Cir. 1986) (holding judges absolutely immune from § 1983 and § 1985 actions). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The Supreme Court has espoused only two narrow exceptions to absolute judicial immunity: (1) "actions not taken in the judge's judicial capacity" (*i.e.* non-judicial actions) and (2) judicial actions "taken in the complete absence of all jurisdiction." *Id.* at 11-12. A judge's act qualifies as "judicial" in nature if "it is a function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* at 356.

Mr. Higley alleges that Judge Butcher "conspired (to circumvent Justice) with Police Dept. and city Attorney to unfairly convict Plaintif (*sic*) of infraction (U-Turn) Resulting in Sentence for Misdimeanor (*sic*)."  (Am. Compl. 4, ECF No. 4.)  But even if Judge Butcher's decision was truly "unfair," as Mr. Higley alleges, Judge Butcher would still receive absolute judicial immunity as long as he acted within his judicial capacity and with some semblance of jurisdiction.  Mr. Higley does not allege that Judge Butcher acted outside his judicial capacity in convicting him of an illegal U-turn, nor does he question the City court's jurisdiction over traffic violations committed in the City.  Thus, Mr. Higley fails to overcome the presumption of absolute judicial immunity.  Therefore, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Judge Butcher without prejudice.

## II. The Complaint Lacks Sufficient Facts to Overcome Merle Cole and Brent Marshall's Qualified Immunity.

Related to judicial immunity, qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity also operates as immunity from suit rather than simply a defense to liability.  *Id.*  In determining whether a plaintiff has successfully pled a claim to overcome qualified immunity, a court must decide whether the plaintiff's alleged facts make out a violation of a constitutional right.  *Id.* at 232, 236.  The court must also decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct.  *Id.*  If the plaintiff's claim fails on either prong, qualified immunity will protect the defendant from suit.  *Id.* at 236, 237.

Mr. Higley alleges that the former mayor Merle Cole "knowingly conspired with Ron Elton & Shawana Kertamous to violate Rights of ownership and, Control of Property."  (Compl.

3, ECF No. 1.)  Mr. Higley also alleges that the current mayor Brent Marshall "conspired to violate constitutional protections using 'color of law' resulting in unfair conviction for a U-Turn that the Plaintiff didn't do."  (Am. Compl. 2, ECF No. 4.)  In the "Cause of Action" section of his Complaint, Mr. Higley alleges in more detail that the City denied his permit to finish his basement for no good reason, towed and sold his pickup truck for no good reason, and unfairly convicted him of an unsafe U-turn that he did not make.  (Compl. 4, ECF No. 1.)

Based merely on these allegations, the undersigned cannot determine what constitutional right Mr. Higley claims Mr. Cole or Mr. Marshall violated.  Despite his allegations of interference with ownership and property rights, Mr. Higley does not allege a specific constitutional right that either Mr. Cole or Mr. Marshall violated nor has he pled sufficient facts to determine what exactly each Defendant did to violate that right.

In his Opposition, Mr. Higley comes closer to stating a constitutional violation by alleging that the City seized his truck without a hearing or just compensation in violation of the Due Process, Equal Protection, and Takings Clauses.  (Opp'n 1-2, ECF No. 23.)  However, to survive a motion to dismiss, a complaint must state a plausible claim for relief on its face.  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, to overcome Mr. Cole and Mr. Marshall's qualified immunity, Mr. Higley would need to allege the specific constitutional right(s) each Defendant allegedly violated and the specific facts underlying the violations.  As the Complaint stands, because Mr. Higley has not sufficiently alleged a violation of a constitutional right, qualified immunity protects Mr. Cole and Mr. Marshall from suit.  Therefore, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Mr. Cole and Mr. Marshall without prejudice.

### III. The Complaint Lacks Sufficient Facts to Establish Municipal Liability Against Grantsville City Under § 1983.

A municipality does not have liability under § 1983 based on the theory of respondeat superior or solely because it employed a tortfeasor. *Monell v. Dep't of Social Services of N.Y.*, 436 U.S. 658, 691 (1978). Instead, to establish municipal liability under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)). Furthermore, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability . . . , unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Here, while Mr. Higley alleges constitutional violations stemming from the City's denial of his basement permit, he does not allege the unconstitutionality of the City's zoning ordinance or any other municipal custom or policy. Thus, as the allegations stand, Mr. Higley has, at most, alleged a "single incident of unconstitutional activity" and not that the act resulted from a specific "unconstitutional municipal policy." *See id.* Similarly, Mr. Higley fails to allege an unconstitutional municipal policy or custom that led to the towing of his pickup truck or his U-turn conviction. Because Mr. Higley has not met his burden of pleading municipal liability under § 1983, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against the City without prejudice for failure to state a claim.

**IV.    Mr. Higley Fails to State a § 1983 or § 1985 Claim Against Any of the Grantsville Defendants.**

Should the District Court wish to consider alternative bases for dismissal, the Complaint also fails to state a plausible claim for relief.  "[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"  *Kan. Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 570).  Neither "labels and conclusions" nor "unadorned, the-defendant-unlawfully-harmed me accusation[s]" will do.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "[A] plaintiff must offer specific factual allegations to support each claim."  *Kan. Penn Gaming*, 656 F.3d at 1214 (citing *Twombly*, 550 U.S. at 555).  The allegations must suffice "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  A complaint meets this standard when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law violated the plaintiff's constitutional or federal statutory rights.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Mr. Higley's allegations do not state a plausible cause of action under § 1983, even with a liberal construction, because Mr. Higley fails to explain which specific constitutional or statutory right the Grantsville Defendants violated in denying his basement permit, seizing his pickup truck, and convicting him of a U-turn.  As discussed above, while Mr. Higley comes closer to stating a claim in his Opposition by alleging the City seized his truck without a hearing

or just compensation in violation of the Due Process, Equal Protection, and Takings Clauses (Opp'n 1-2, ECF No. 23), the Complaint itself must state a plausible claim for relief to survive a motion to dismiss. Thus, Mr. Higley would need to allege additional specifics to place the Grantsville Defendants on notice of what exactly the claim concerns; for instance, the approximate date of the seizure, identifying information about the vehicle, and what, if anything, each Defendant did in relation to the seizure. As the pleadings stand, however, the Complaint and first Amended Complaint fail to state a claim under § 1983.

In addition, the Complaint and first Amended Complaint also fail to state a claim under §1985. For a § 1985 claim, a plaintiff must allege a conspiracy aimed at either preventing an officer from performing his duties; intimidating a party, witness, or juror involved in a case; obstructing justice to deny a person equal protection of the laws; or depriving a person of his rights and privileges to deny him equal protection of the laws. 42 U.S.C. § 1985. Furthermore, for the last two categories of a § 1985 claim, a plaintiff must allege a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (relating to § 1985(3)); *Smith v. Yellow Freight System, Inc.*, 536 F.2d 1320, 1323 (10th Cir. 1976) (relating to § 1985(2)). Class-based discrimination means "classifications on . . . race, sex, religion or national origin." *Brown v. Reardon*, 770 F.2d 896, 905-06 (10th Cir. 1985) (alteration in original).

Mr. Higley's § 1985 claims appear to allege a conspiracy depriving a person of rights or privileges. However, Mr. Higley fails to provide any factual details of the alleged conspiracies or to allege a discriminatory animus behind any of the Grantsville Defendants' actions grounded in Mr. Higley's race, sex, religion, or national origin. Even in his Opposition, Mr. Higley fails to assert any facts suggesting that any of the Grantsville Defendants participated in a conspiracy to

violate his constitutional rights, aside from conclusory allegations that the Grantsville Defendants were "put on notice" of the conspiracy—which apparently relates to "convict[ing] someone of an infraction then sentenc[ing] them for misdemeanor U-turn." (Opp'n 2-3, ECF No. 23.)

Even if the Grantsville Defendants knew of the alleged violations, Mr. Higley has not alleged any facts indicating that an improper motive drove the Grantsville Defendants' actions. For example, none of Mr. Higley's allegations against Judge Butcher indicate that race, sex, religion, or national origin motivated Judge Butcher to convict him of a misdemeanor for an illegal U-turn. Moreover, Mr. Higley's description of the City's actions in seizing his pickup truck and denying his basement permit does not indicate that anything other than economic and safety concerns motivated the City's actions. See *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (explaining that the "class-based animus" requirement for § 1985(3) actions do not "reach conspiracies motivated by an economic or commercial bias"); *Smith v. Yellow Freight Sys., Inc.*, 536 F.2d 1320, 1323 (10th Cir. 1976) (relating to § 1985(2)). Therefore, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against the Grantsville Defendants for failure to state a claim under either § 1983 or § 1985.

V.   **The Court Lacks Sufficient Information to Know Whether the Statute of Limitations Bars Mr. Higley's Claims Regarding the Denial of His Basement Permit.**

Under Utah law, a four-year statute of limitations applies to § 1983 and § 1985 actions. See *Sheets v. Salt Lake Cty.*, 45 F.3d 1383, 1387 (10th Cir. 1995) (holding that Utah's residual four-year statute of limitations applies to § 1983 claims); *Buck v. Utah Labor Comm'n*, 73 Fed. App'x. 345, 348 (10th Cir. 2003) (holding that four-year statute of limitations also applies to § 1985 claims). Part of Mr. Higley's § 1983 and § 1985 claims against Merle Cole and the City arise out of the City's denial of his basement permit, which Mr. Higley alleges took place on

9

October 4, 1999. (*See* Compl. 2-4, ECF No. 1; Opp'n 2, ECF No. 23.) The record indicates Mr. Higley filed his first civil rights action pertaining to the denial of his basement permit against Ron Elton, Shauna Kertamous, Merle Cole, and the City on July 3, 2001. (Compl., *Higley v. Elton*, ECF No. 3; Compl. 5-6, ECF No. 1.) On January 23, 2004, this Court dismissed Mr. Higley's action as unripe for judicial review. (Order Granting Mot. to Dismiss 5, *Higley v. Elton*, ECF No. 38.) Mr. Higley did not file the instant action until July 9, 2014. (Compl. 1, ECF No. 1.) Under the facts alleged, more than four years have passed since the offending actions occurred. However, because the Court dismissed Mr. Higley's earlier case for lack of ripeness, the Court lacks sufficient information to determine whether the statute of limitations has run. "[I]f the claim is not ripe, it is impossible to see how the statute of limitations could be running on it." *Vasquez v. Davis*, No. 14-cv-01433, 2015 WL 6662921, at *6 (D. Colo. Nov. 2, 2015). Therefore, the undersigned RECOMMENDS the Court deny dismissal of Mr. Higley's claims regarding his basement permit on statute of limitation grounds.

## RECOMMENDATION

Mr. Higley fails to plead sufficient facts to overcome Judge Butcher's judicial immunity or Merle Cole and Brent Marshall's qualified immunity. In addition, Mr. Higley fails to allege an unconstitutional municipal policy or custom implemented by the City. Alternatively, Mr. Higley fails to allege sufficient facts to state a §1983 or §1985 claim against any of the Grantsville Defendants. Based on the foregoing, the undersigned RECOMMENDS the Court GRANT the Grantsville Defendants' Motion (ECF No. 15) and dismiss all of Mr. Higley's claims against the Grantsville Defendants without prejudice under Rule 12(b)(6).

The Court will send copies of this Report and Recommendation to the parties, who are hereby notified of their right to object to the same. The parties are further notified that they must

file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this   15th   day of January, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge