IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK LEE HIGLEY,<br><br>            Plaintiff,<br><br>v.<br><br>STATE OF UTAH, *et al.*,<br><br>            Defendants. | **REPORT AND RECOMMENDATION RE: MCCOTTER AND SWEAT MOTION TO DISMISS (ECF NO. 27)**<br><br>Case No. 2:14-cv-506-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

Defendants O. Lane McCotter ("Judge McCotter") and Scott H. Sweat ("Attorney Sweat") move the Court to dismiss Plaintiff Mark Lee Higley's claims against them pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5), 12(b)(6), and DUCivR 7-1. (O'Lane McCotter's & Scott H. Sweat's Mot. to Dismiss or in the Alternative, Mot. to Quash Service ("Mot.") 1, ECF No. 27.) Based on the Complaint and first Amended Complaint, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Judge McCotter and Attorney Sweat without prejudice because absolute immunity protects both Defendants or for failure to state a claim under either § 1983 or § 1985. Additionally, the undersigned notes that Mr. Higley has yet to serve either Defendant correctly in accordance with Rule 4(m).

## FACTUAL AND PROCEDURAL HISTORY

On July 9, 2014, Mr. Higley filed a Complaint against multiple defendants alleging violations of 42 U.S.C. §§ 1983 and 1985. (Compl. 1, ECF No. 1.) On January 28, 2015, Mr. Higley filed the first Amended Complaint alleging § 1983 and § 1985 claims against additional defendants, including Judge McCotter and Attorney Sweat. (Am. Compl. 2-3, ECF No. 4.) Mr.

1

Higley served a copy of his original Complaint, but not of his first Amended Complaint, on Judge McCotter and Attorney Sweat on April 10, 2015.  (Mot. 4, ECF No. 27.)  Judge McCotter and Attorney Sweat moved to dismiss the claims against them on April 29, 2015, and served a copy of their Motion to Mr. Higley on the same day.  (Mot. 11-12, ECF No. 27.)  Mr. Higley did not file an opposition memorandum within twenty-eight days after service; thus, briefing on the Motion became complete on May 27, 2015.  DUCivR 7-1(b)(3)(A).

Mr. Higley's claims against Judge McCotter and Attorney Sweat arise out of his traffic violation conviction for failing to stop at a port of entry, a Class B misdemeanor.  (Compl. 4-5, ECF No. 1.)  Judge McCotter, a Wasatch County Justice Court Judge, presided over Mr. Higley's case, and Attorney Sweat, the Wasatch County Attorney, participated in prosecuting Mr. Higley in that case.  (Am. Compl. 2-3, ECF No. 4.)  Judge McCotter and Attorney Sweat urge the Court to dismiss Mr. Higley's claims against them because (1) Mr. Higley failed to plead sufficient facts to state a plausible claim under either § 1983 or § 1985, (2) Judge McCotter has absolute judicial immunity from § 1983 and § 1985 claims, (3) Attorney Sweat has absolute prosecutorial immunity from § 1983 and § 1985 claims, and (4) service should be quashed for insufficient process under Rule 12(b)(5).  (Mot. 4-10, ECF No. 27.)

**STANDARD OF REVIEW**

Mr. Higley proceeds *pro se*.  A court must construe a *pro se* plaintiff's filings liberally, *e.g.*, *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010), but the court cannot act as the litigant's advocate and make legally cognizable arguments for him, *see, e.g.*, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").  Although a court holds *pro se* pleadings "to a less stringent standard than formal

2

pleadings drafted by lawyers," a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## ANALYSIS

I. **Absolute Judicial Immunity Protects Judge McCotter from Mr. Higley's Lawsuit.**

Judicial Immunity shields judges from civil liability in actions brought pursuant to 42 U.S.C. §§ 1983 and 1985. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1434-35 (10th Cir. 1986) (holding judges have absolute immunity from § 1983 and § 1985 actions). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The Supreme Court has espoused only two narrow exceptions to absolute judicial immunity: (1) "actions not taken in the judge's judicial capacity" (*i.e.* non-judicial actions) and (2) judicial actions "taken in the complete absence of all jurisdiction." *Id.* at 11-12. A judge's act qualifies as "judicial" in nature if "it is a function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* at 356. Mr. Higley does not allege that Judge McCotter acted outside his judicial capacity in convicting him of a Class B misdemeanor or that the Wasatch County Justice Court lacked jurisdiction over his traffic violation. Thus, Mr. Higley fails to overcome the presumption of absolute judicial immunity. Therefore, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Judge McCotter without prejudice.

II. **Absolute Prosecutorial Immunity Protects Attorney Sweat from Mr. Higley's Lawsuit.**

"Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of

whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 425-28 (1976)). Among the many reasons for granting a prosecutor absolute immunity when he acts as an advocate rather than a witness include maintaining public trust in the prosecutor's office and preventing diversion of the prosecutor's energy and attention. *Imbler*, 424 U.S. at 424-25. Like the defense of judicial immunity, prosecutorial immunity operates as an immunity from suit and not just damages. *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991).

Here, the Complaint alleges that Attorney Sweat's involvement in Mr. Higley's traffic violation consists solely of prosecuting Mr. Higley. (Am. Compl. 3, ECF No. 4.) Mr. Higley does not allege that Attorney Sweat acted as a witness in his case, nor does any evidence indicate that Attorney Sweat personally swore an affidavit regarding Mr. Higley's guilt. *See Kalina v. Fletcher*, 522 U.S. 118, 130-31 (1997) (holding prosecutor not protected by absolute immunity for making false statements of facts in certificate supporting an application for arrest warrant). As such, taking Mr. Higley's allegations against Attorney Sweat as true, absolute prosecutorial immunity would still protect Attorney Sweat for the his role in prosecuting Mr. Higley. Therefore, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Attorney Sweat without prejudice.

### III. Mr. Higley Has Not Pled Sufficient Facts to State a Plausible Claim for Relief Under § 1983 or § 1985.

Alternatively, the Court could dismiss the claims against the Defendants for failure to state a claim. "[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  Neither "labels and conclusions" nor "unadorned, the-defendant-unlawfully-harmed me accusation[s]" will do.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming*, 656 F.3d at 1214 (citing *Twombly*, 550 U.S. at 555).  The allegations must suffice "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  A complaint meets this standard when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

     To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law violated the plaintiff's constitutional or federal statutory rights.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Mr. Higley's Complaint alleges that during his trial, "objections/Demands were ignored, Lengthy Jury instructions Tainted Jury.  The Concept of Nullification was not allowed Discussion.  No harm or dammage [sic] done, No Probable Cause." (Compl. 5, ECF No. 1.)  In his first Amended Complaint, Mr. Higley further alleges that Judge McCotter "conspired to violate 'Law of the Land' AKA Constitution, Due Process, Probable Cause, Innocent untill [sic] proven Guilty etc. equivilant [sic] to organized crime." (Am. Compl. 2, ECF No. 4.)  Against Attorney Sweat, Mr. Higley alleges that he "denied that Rights were involved and that Law exsisted [sic] to protect those Rights." (Am. Compl. 3, ECF No. 4.)

     Mr. Higley's allegations do not state a plausible cause of action under § 1983, even with a liberal construction, for none of his allegations state a violation of a specific constitutional or

5

federal statutory right.  Mr. Higley does not allege that Attorney Sweat violated any of his rights but only that Attorney Sweat "denied that rights were involved" in his traffic violation case.  Such an allegation fails to state a claim under § 1983.  And while the Court construes Mr. Higley's allegation against Judge McCotter as alleging a due process claim under the Fourteenth Amendment, Mr. Higley still "has the burden to identify the rights that he alleges the [D]efendants violated." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 527 (10th Cir. 1998).  Like the defendants in *Tonkovich*, Judge McCotter and Attorney Sweat "should not be required to guess whether [Mr. Higley] pled a substantive due process claim, a procedural due process claim, or both." *Id.*  Moreover, the Defendants do not know how they allegedly violated Mr. Higley's right to due process.  Based on the dearth of facts alleged, the undersigned cannot identify the factual basis for a specific due process or other constitutional claim in Mr. Higley's Complaint or first Amended Complaint.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining that the liberal pleading standard afforded *pro se* litigants does not allow the Court to "assume the role of advocate" for the litigant).  As a result, the undersigned concludes that Mr. Higley has failed to state a § 1983 claim against either Judge McCotter or Attorney Sweat.

  Similarly, Mr. Higley fails to state a plausible claim for relief under § 1985.  For a § 1985 claim, a plaintiff must allege a conspiracy aimed at either preventing an officer from performing his duties; intimidating a party, witness, or juror involved in a case; obstructing justice to deny a person equal protection of the laws; or depriving a person of his rights and privileges to deny him equal protection of the laws.  42 U.S.C. § 1985.  Additionally, for the last two categories of a § 1985 claim, a plaintiff must allege a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (relating to § 1985(3)); *Smith v. Yellow Freight System, Inc.*, 536 F.2d 1320, 1323

(10th Cir. 1976) (relating to § 1985(2)).  Class-based discrimination means "classifications on . . . race, sex, religion or national origin."  *Brown v. Reardon*, 770 F.2d 896, 905-06 (10th Cir. 1985) (alteration in original).

Mr. Higley's § 1985 claims must fall into either the third or fourth categories because he does not allege a conspiracy to prevent a person from performing official duties.  42 U.S.C. § 1985.  Thus, Mr. Higley would have to allege facts indicating discrimination based on race, sex, religion, or national origin behind Judge McCotter and Attorney Sweat's actions.  *Griffin*, 403 U.S. at 102; *Smith*, 536 F.2d at 1323.  Taking all of Mr. Higley's allegations against Judge McCotter and Attorney Sweat as true, nothing in Mr. Higley's Complaint or first Amended Complaint indicates that an improper motive drove either of their actions.  Specifically, Mr. Higley never suggests that race, sex, religion, or national original played a role in Judge McCotter or Attorney Sweat's actions.  Because Mr. Higley fails to plead a claim for relief under either § 1983 and § 1985, the undersigned RECOMMENDS the Court alternatively dismiss Mr. Higley's claims against Judge McCotter and Attorney Sweat without prejudice.

IV.   **Mr. Higley Failed to Serve Judge McCotter or Attorney Sweat Properly.**

For Mr. Higley's benefit, the undersigned also recognizes the service errors and explains them.  To serve a defendant properly, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint" upon the defendant "within 120 days after the complaint is filed."  Fed. R. Civ. P. 4(c)(2), (m).[1]  Failure to do so could result in dismissal.  Fed. R. Civ. P.

---

[1] The amended Rule 4(m) took effect on December 1, 2015, and reduces the time for serving a defendant from 120 days to 90 days.  This amendment does not apply in analyzing Mr. Higley's failure to effect service, however, because it became effective only after the original 120 days for service had passed.  *See Swan v. Fauvel*, No. 15-cv-00103-WJM-NYW, 2015 WL 7755493, at *7 n.4 (D. Colo. Dec. 2, 2015) (noting because Rule 4(m) amendment did not become effective until after plaintiff filed his complaint and 120 days had passed, it did not apply to the analysis of the plaintiff's failure to serve).

4(m). The plaintiff bears the burden of establishing proper service. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (stating plaintiff bears burden of proof in establishing valid service of process); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013) (stating plaintiff bears burden of proof in establishing sufficient process).

Mr. Higley served Judge McCotter or Attorney Sweat on April 10, 2015, seventy-two days after Mr. Higley filed his Amended Complaint. (*See* Am. Compl., ECF No. 4; Returned Summonses, ECF Nos. 18, 19.) However, Mr. Higley incorrectly served the original Complaint instead of the first Amended Complaint on Judge McCotter and Attorney Sweat. An amended pleading under Rule 15(a) supersedes the original pleading and remains in effect throughout the action unless subsequently modified. *Gilles v. U.S.*, 906 F.2d 1386, 1389 (10th Cir. 1990). Where an amended pleading supersedes the original, "'subsequent service of the superseded prior or original pleading is improper.'" *Id.* at 1390 (quoting 3 MOORE'S FEDERAL PRACTICE ¶ 15.08[7] at 15-95 (citing *Phillips v. Murchison*, 194 F. Supp. 620 (S.D.N.Y. 1961))). Because Mr. Higley failed to serve Judge McCotter or Attorney Sweat a copy of the first Amended Complaint by May 28, 2015, 120 days after filing the first Amended Complaint, Mr. Higley failed to effect proper service of process.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Judge McCotter and Attorney Sweat without prejudice because absolute judicial immunity and absolute prosecutorial immunity respectively protect their actions. Alternatively, the undersigned RECOMMENDS the Court dismiss Mr. Higley's claims against Judge McCotter and Attorney Sweat because Mr. Higley fails to allege sufficient facts to state a

plausible claim for relief under either §1983 or § 1985.  Finally, the undersigned notes that Mr. Higley has yet to serve either Judge McCotter or Attorney Sweat properly with the Amended Complaint.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 29th day of January, 2016.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge