IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK LEE HIGLEY,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF UTAH, *et al.*,<br><br>    Defendants. | **REPORT AND RECOMMENDATION RE: S. KEATING'S MOTION TO DISMISS (ECF NO. 34)**<br><br>Case No. 2:14-cv-506-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

Defendant S. Keating a/k/a Sherrina Hansen ("Ms. Hansen") moves the Court to dismiss Plaintiff Mark Lee Higley's claims against her for insufficient service of process pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5).  (S. Keating's Mot. to Dismiss ("Mot."), ECF No. 34.)  Having reviewed the parties' briefing and case record, the undersigned RECOMMENDS the Court quash service of process on Ms. Hansen, deny the Motion to Dismiss without prejudice, and grant Mr. Higley an additional thirty (30) days to serve Ms. Hansen.

## FACTUAL AND PROCEDURAL HISTORY

On July 9, 2014, Mr. Higley, proceeding *pro se*, filed a Complaint alleging violations of 42 U.S.C. §§ 1983 and 1985 against multiple Defendants, including Ms. Hansen.  (Compl. 2, ECF No. 1.)  Mr. Higley served a copy of the Complaint on Ms. Hansen on May 8, 2015.  (Mot. 2, ECF No. 34.)  Ms. Hansen moved to dismiss Mr. Higley's claims on July 8, 2015, and Mr. Higley filed an Opposition to Ms. Hansen's Motion on August 13, 2015.  (Mot., ECF No. 34; Obj./Rebuttal to Mot. to Dismiss ("Opp'n"), ECF No. 37.)  Ms. Hansen did not file a Reply and filed a Request to Submit for Decision on August 25, 2015.  (ECF No. 38.)

1

In his Complaint, Mr. Higley alleges Ms. Hansen works as an officer in the Department of Transportation and "knowingly ignored numerous unalionable [sic] rights (by dictating and demanding) of probable cause, innocent untill [sic] proven guilty, self incrimination, ect. unfair penalties (violation of oath) causing hardship, losses."  (Compl. 2, ECF No. 1.)  Mr. Higley expands: "[t]he DOT claimed that Avalon Developments had a safety rating of 99% unsatisfactory unfairly causing Insurance to jump from $1,600 to $16,000 making it unafordable [sic].  [T]he state revoked the registration and is out of business w/o probable cause or due process (predatory) requiring reregistration with $100 penalty – hardship."  (Compl. 4, ECF No. 1.)  Mr. Higley further alleges the DOT based its 99% unsatisfactory rating on his failure to provide paperwork showing the truck's safety.  (Compl. 14, ECF No. 1.)  The Complaint asserts the DOT's actions violate the right to contract as well as the right to due process.  (Compl. 4, 15, ECF No. 1.)  Ms. Hansen moves to dismiss for insufficient service of process.

**DISCUSSION**

To serve a defendant properly, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint" upon the defendant "within 120 days after the complaint is filed."  Fed. R. Civ. P. 4(c)(2), (m).[1]  Failure to do so could result in dismissal.  Fed. R. Civ. P. 4(m).  Further, the filing of an amended complaint does not restart the 120-day service period.  *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006).  The plaintiff bears the burden of establishing proper service.  *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170,

---

[1] The amended Rule 4(m) took effect on December 1, 2015, and reduces the time for serving a defendant from 120 days to 90 days.  This amendment does not apply in analyzing Mr. Higley's failure to effect service, however, because it became effective only after the original 120 days for service had passed.  *See Swan v. Fauvel*, No. 15-cv-00103-WJM-NYW, 2015 WL 7755493, at *7 n.4 (D. Colo. Dec. 2, 2015) (noting because Rule 4(m) amendment did not become effective until after plaintiff filed his complaint and 120 days had passed, it did not apply to the analysis of the plaintiff's failure to serve).

174 (10th Cir. 1992) (stating plaintiff bears burden of proof in establishing valid service of process); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013) (stating plaintiff bears burden of proof in establishing sufficient process).  Courts may treat a Rule 12(b)(5) motion as a motion to quash service of process.  27A TRACY BATEMAN FARRELL ET AL., FED. PROC., LAWYERS ED. § 62:458 (2015).  If a plaintiff fails to effect service of process within Rule 4(m)'s prescribed time limit, courts may "order that service be made within a specified time" after notifying the plaintiff.  Fed. R. Civ. P. 4(m); *Espinoza v. U.S.*, 52 F.3d 838, 841-42 (10th Cir. 1995).

  Mr. Higley did not serve Ms. Hansen until May 8, 2015, 303 days after he filed his Complaint (*see* ECF No. 1; Mot. 2, ECF No. 34), and did not request a timely extension.  Although Mr. Higley titled his March 3, 2015 document as an "Extention [sic] of Time," it largely responds to the Utah State Legislature's Motion to Dismiss.  (*See* ECF No. 11.)  Additionally, Mr. Higley's only argument within the document requesting a timely extension states:  "There is no reason the time limit couldn't be extended."  (ECF No. 11 at 3.)  Even if Mr. Higley did ask for an extension of time in that document, his request was not timely; thus, he would have needed to show excusable neglect to obtain the extension.  Fed. R. Civ. P. 6(b)(1)(B).  In his Opposition, Mr. Higley argues he "reserve[s] serving some of the defendants until last, as [he] was unable to serve them all at once."  (Opp'n 3, ECF No. 37.)  While the Rules do not require Mr. Higley to serve all Defendants at once, they do require Mr. Higley to serve all Defendants within 120 days of filing his Complaint.  Because Mr. Higley failed to show excusable neglect or good cause, he has failed to satisfy the service requirements of Rule 4(m).

  Nevertheless, when a plaintiff fails to effect service of process within Rule 4(m)'s prescribed time limit, courts may "order that service be made within a specified time" after

notifying the plaintiff. Fed. R. Civ. P. 4(m); *Espinoza*, 52 F.3d at 841-42. Moreover, courts usually allow *pro se* litigants more leeway "to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D. D.C. 1993); *Espinoza*, 52 F.3d at 842. Therefore, because Mr. Higley proceeds *pro se*, the undersigned RECOMMENDS the Court quash service of process and provide Mr. Higley an additional thirty (30) days to serve Ms. Hansen. Certainly, if Mr. Higley fails to serve Ms. Hansen properly a second time, a dismissal with prejudice may become appropriate.

## RECOMMENDATION

Under these facts, Mr. Higley failed to serve Ms. Hansen in a timely manner. However, because Mr. Higley proceeds *pro se*, the undersigned RECOMMENDS the Court deny Ms. Hansen's Motion to Dismiss for insufficient service of process without prejudice, quash service of the Complaint on Ms. Hansen, and provide Mr. Higley an additional (30) days to serve Ms. Hansen. This Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 29th day of January, 2016.

BY THE COURT:

*[signature]*
EVELYN J. FURSE
United States Magistrate Judge