IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK LEE HIGLEY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH, *et al.*,<br><br>Defendants. | **REPORT AND RECOMMENDATION RE: CHAD SHEPPICK'S MOTION TO DISMISS (ECF NO. 35)**<br><br>Case No.  2:14-cv-506-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Chad Sheppick moves the Court to dismiss *pro se* Plaintiff Mark Lee Higley's claims against him for insufficient process and insufficient service of process pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(4) and 12(b)(5).  (Chad Sheppick's Mot. to Dismiss ("Mot.") 1-2, ECF No. 35.)  Having reviewed the parties' briefing and case record, the undersigned RECOMMENDS the Court quash service of the Complaint on Mr. Sheppick, deny the Motion to Dismiss without prejudice, and grant Mr. Higley thirty (30) additional days to serve Mr. Sheppick.

**FACTUAL AND PROCEDURAL HISTORY**

On July 9, 2014, Mr. Higley filed a Complaint against multiple defendants alleging violations of 42 U.S.C. §§ 1983 and 1985.  (Compl. 1, ECF No. 1.)  On January 28, 2015, Mr. Higley filed the first Amended Complaint alleging § 1983 and § 1985 claims against additional defendants, including Mr. Sheppick for the first time.  (Am. Compl. 3, ECF No. 4.)  On May 8, 2015, Mr. Higley served a copy of the original Complaint, but not of the first Amended Complaint, on Mr. Sheppick.  (Mot. 2, ECF No. 35.)  Mr. Sheppick moved to dismiss Mr.

1

Higley's claims on July 8, 2015, and Mr. Higley filed an Opposition to Mr. Sheppick's Motion on August 13, 2015.  (Mot., ECF No. 35; Obj./Rebuttal to Mot. to Dismiss ("Opp'n"), ECF No. 37.)  Mr. Sheppick did not file a Reply and filed a Request to Submit for Decision on August 25, 2015.  (ECF No. 39.)

In his first Amended Complaint, Mr. Higley alleges Mr. Sheppick, in "representing the State of Utah, coconspired to violate constitutional law with excessive regulations, fines getting out of hand in spite of checks and ballances [sic]."  (Am. Compl. 3, ECF No. 4.)  Mr. Higley alleges Mr. Sheppick serves as the Director of the Motor Carrier Division in the Department of Transportation.  (*Id.*)  In his original Complaint, Mr. Higley alleges in more detail "[t]he DOT claimed that Avalon Developments had a safety rating of 99% unsatisfactory unfairly causing Insurance to jump from $1,600 to $16,000 making it unafordable [sic].  [T]he state revoked the registration and is out of business w/o probable cause or due process (predatory) requiring reregistration with $100 penalty – hardship."  (Compl. 4, ECF No. 1.)  Mr. Higley further alleges the DOT based its 99% unsatisfactory rating on his failure to provide paperwork showing the truck's safety.  (Compl. 14, ECF No. 1.)  The DOT's actions, Mr. Higley claims, violate the right to contract as well as due process.  (Compl. 4, 15, ECF No. 1.)  Mr. Sheppick moves to dismiss Mr. Higley's claims only on the grounds of insufficient process and insufficient service of process.  Because Mr. Higley served Mr. Sheppick with the wrong complaint, the undersigned RECOMMENDS the Court quash service, deny Mr. Sheppick's Motion to Dismiss for insufficient service and service of process, and grant Mr. Higley thirty (30) additional days to serve Mr. Sheppick.

## DISCUSSION

To serve a defendant properly, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint" upon the defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(c)(2), (m).[1]  Failure to do so could result in dismissal. Fed. R. Civ. P. 4(m). The plaintiff bears the burden of establishing proper service. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (stating plaintiff bears burden of proof in establishing valid service of process); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013) (stating plaintiff bears burden of proof in establishing sufficient process).

A Rule 12(b)(4) motion challenges "the form of the process rather than the manner or method of its service," while a Rule 12(b)(5) motion challenges "the mode of delivery or the lack of delivery of the summons and complaint." 5B ARTHUR R. MILLER & MARY KAY KANE, FED. PRACTICE & PROC.: CIVIL § 1353 (3d ed. 2015). Courts should only grant a Rule 12(b)(4) motion "when the defect is prejudicial to the defendant." *Id.*  Moreover, courts may treat a Rule 12(b)(5) motion as a motion to quash service of process. 27A TRACY BATEMAN FARRELL ET AL., FED. PROC., LAWYERS ED. § 62:458 (2015). If a plaintiff fails to effect service of process within Rule 4(m)'s prescribed time limit, courts may "order that service be made within a specified time" after notifying the plaintiff. Fed. R. Civ. P. 4(m); *Espinoza v. U.S.*, 52 F.3d 838, 841-42 (10th Cir. 1995).

---

[1] The amended Rule 4(m) became effective on December 1, 2015, and reduces the time for serving a defendant from 120 days to 90 days. This amendment does not apply in analyzing Mr. Higley's failure to effect service, however, because it became effective only after the original 120 days for service had passed. *See Swan v. Fauvel*, No. 15-cv-00103-WJM-NYW, 2015 WL 7755493, at *7 n.4 (D. Colo. Dec. 2, 2015) (noting because Rule 4(m) amendment did not become effective until after plaintiff filed his complaint and 120 days had passed, it did not apply to the analysis of the plaintiff's failure to serve).

I.      **Mr. Higley Failed to Provide Mr. Sheppick with Sufficient Process.**

Mr. Higley provided insufficient process to Mr. Sheppick when he served him with the wrong complaint.  Under Rule 15(a)(1), a party may amend its pleading "once as a matter of course within:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Here, Mr. Higley amended his Complaint as a matter of course on January 28, 2015.  (Am. Compl., ECF No. 4.)  However, Mr. Higley incorrectly served the original Complaint instead of the first Amended Complaint on Mr. Sheppick.  An amended pleading under Rule 15(a) supersedes the original pleading and remains in effect throughout the action unless subsequently modified.  *Gilles v. U.S.*, 906 F.2d 1386, 1389 (10th Cir. 1990).  Where an amended pleading supersedes the original pleading, "'subsequent service of the superseded prior or original pleading is improper.'"  *Id.* at 1390 (citing 3 MOORE'S FEDERAL PRACTICE ¶ 15.08[7] at 15-95 (citing *Phillips v. Murchison*, 194 F. Supp. 620 (S.D.N.Y. 1961))).  Because Mr. Higley failed to serve Mr. Sheppick a copy of the first Amended Complaint by May 28, 2015, 120 days after filing the first Amended Complaint, Mr. Higley provided insufficient process.

II.     **Mr. Higley Would Have Properly Effected Service Had He Served Mr. Sheppick with the Amended Complaint.**

Mr. Higley did not serve Mr. Sheppick until May 8, 2015, 303 days after he filed his original Complaint and 183 days after the original deadline.  (*See* ECF No. 1, 30.)  However, Mr. Higley only added Mr. Sheppick as a Defendant for the first time in the first Amended Complaint he filed on January 28, 2015.  (Am. Compl. 3, ECF No. 4.)  Filing an amended complaint restarts the 120-day service provided in Rule 4(m), "as to those defendants newly added in the amended complaint."  *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (citing

4

*Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004)). Thus, Mr. Higley had a renewed 120 days to serve Mr. Sheppick from the date he filed the first Amended Complaint. *See id.* at 1149 (interpreting Rule 4(m)'s 120-day rule "to refer to filing of the first version of the complaint naming the particular defendant to be served"). Because Mr. Higley served Mr. Sheppick on May 8, 2015, 100 days after filing the first Amended Complaint, his service satisfies Rule 4(m)'s 120-day requirement.

Courts usually allow pro se litigants more leeway "to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D. D.C. 1993); *Espinoza*, 52 F.3d at 842. Had Mr. Higley served Mr. Sheppick with the first Amended Complaint instead of the original Complaint, he would have effected proper service. Therefore, the undersigned RECOMMENDS the Court quash service of process and provide Mr. Higley an additional thirty (30) days to serve Mr. Sheppick with a copy of the first Amended Complaint. If Mr. Higley fails to serve Mr. Sheppick properly a second time, a dismissal with prejudice may become appropriate.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS the Court deny Mr. Sheppick's Motion to Dismiss without prejudice, quash service of the Complaint, and provide Mr. Higley an additional (30) days to serve Mr. Sheppick with a copy of the first Amended Complaint. This Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this __29th__ day of January, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge