IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK LEE HIGLEY,<br><br>      Plaintiff,<br><br>v.<br><br>UTAH STATE LEGISLATURE, et al.,<br><br>      Defendants. | **ORDER ADOPTING REPORTS AND RECOMMENDATIONS**<br><br>Case No. 2:14-cv-00506-CW-EJF<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Evelyn J. Furse |

   This case arises out of Mark Lee Higley's pro se complaint[1] against various defendants, including the City of Grantsville, Grantsville City Judge Darold Butcher, and Grantsville Mayors Merle Cole and Brent Marshall (collectively, the Grantsville Defendants); Wasatch County Justice Court Judge O. Lane McCotter and prosecuting attorney Scott H. Sweat (collectively, the Wasatch County Justice Court Defendants); Department of Transportation Officer S. Keating a/k/a Sherrina Hansen (Ms. Hansen), and Department of Transportation Director Chad Sheppick (Mr. Sheppick). (*See* Dkt. Nos. 1, 4). The case was assigned to United States District Court Judge Clark Waddoups, who referred it to United States Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 5).

   The Grantsville Defendants, Wasatch County Justice Court Defendants, Ms. Hansen, and Mr. Sheppick all seek dismissal of Mr. Higley's claims against them. (*See* Dkt. Nos. 15, 27, 34, 35). After briefing from the parties, Judge Furse issued several Reports and Recommendations

---

[1] The court liberally construes Mr. Higley's filings because he is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

regarding the Defendants' motions. (Dkt. Nos. 52, 53, 54, 55). The court has carefully reviewed these Reports and Recommendations de novo.[2] After doing so, the court:

1) **APPROVES** and **ADOPTS** in part Report and Recommendation Dkt. No. 52. For the reasons stated in sections I, II, III and V of Report and Recommendation Dkt. No. 52, the court **GRANTS** in part and **DENIES** in part the Grantsville Defendants' motion to dismiss (Dkt. No. 15). The court dismisses without prejudice Mr. Higley's claims against Judge Butcher on absolute immunity grounds, dismisses without prejudice Mr. Higley's claims against Mayors Cole and Marshall on qualified immunity grounds, and dismisses Mr. Higley's claims against Grantsville City without prejudice because Mr. Higley failed to allege sufficient facts to establish municipal liability;

2) **APPROVES** and **ADOPTS** in part Report and Recommendation Dkt. No. 53. For the reasons stated in sections I and II of Report and Recommendation Dkt. No. 53, the court **GRANTS** in part and **DENIES** in part the Wasatch County Justice Court Defendants' motion to dismiss (Dkt. No. 27). The court dismisses without prejudice Mr. Higley's claims against Judge McCotter and Mr. Sweat on absolute immunity grounds;

3) **APPROVES** and **ADOPTS** Report and Recommendation Dkt. No. 54. The court **QUASHES** service of process on Ms. Hansen, **GRANTS** Mr. Higley an additional thirty (30) days from service of this order to serve Ms. Hansen, and **DENIES** Ms. Hansen's motion to dismiss for insufficient service of process (Dkt. No. 27); and

4) **APPROVES** and **ADOPTS** Report and Recommendation Dkt. No. 55. The Court **QUASHES** service of process on Mr. Sheppick, **GRANTS** Mr. Higley an additional thirty (30) days from service of this order to serve Mr. Sheppick, and **DENIES** Mr. Sheppick's motion to dismiss for insufficient service of process (Dkt. No. 35).

---

[2] Mr. Higley filed an objection on February 16, 2016, fourteen days after Report and Recommendation Dkt. No. 55 was docketed. Because of this timely objection, Mr. Higley is entitled to de novo review of Report and Recommendation Dkt. No. 55. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Mr. Higley's February 16, 2016 objection was not filed within the required time period for Reports and Recommendations Dkt. Nos. 52, 53, and 54. *See* Fed. R. Civ. P. 72(b) (providing that objections must be filed within fourteen days after service of the Report and Recommendation); Fed. R. Civ. P. 6(a),(d) (explaining how to compute time and providing that where service is by mail, the court should calculate the time within which a party must respond by adding three days after the period that would otherwise expire). Accordingly, the court has the discretion to review these Reports and Recommendations under a less-demanding standard. *See Summers*, 927 F.2d at 1167. The court declines to do so in this case and reviews all of the Reports and Recommendations de novo, the standard of review most generous to Mr. Higley.

SO ORDERED this 23rd day of March, 2016.

                                      BY THE COURT:

                                      _____
                                      Clark Waddoups
                                      United States District Court Judge